UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID JANIASHVILI,<br><br>               Plaintiff,<br><br>v.<br><br>MACK TRUCK LINES, INC., a California Corporation; JADVINDER SINGH, individually and a Successor in Interest to the Estate of JASPREET SINGH; ARTUDIANTI, INC., and DACHI GOGOLADZE,<br><br>               Defendants. | NO. 2:20-CV-0442-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 29). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 29) is DENIED.

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This matter relates to a motor vehicle collision on December 12, 2018, involving two commercial tractor-trailers. ECF No. 30 at 1–2, ¶¶ 1–4. The following facts are not in dispute, except where noted.

On December 12, 2018, a tractor-trailer owned by Defendant Mack Truck Lines, Inc. and driven by Jaspreet Singh (deceased), jackknifed on Interstate 90 in Lincoln County, Washington, causing a complete blockage of both westbound lanes. *Id*. at 1, ¶ 1; ECF No. 12 at 3, ¶ 9. Due to the position of the vehicle thereafter, neither the headlights nor the taillights of the trailer were visible to traffic traveling in a westerly direction. ECF No. 30 at 2, ¶ 2. The second tractor-trailer involved in the accident was owned by Defendant Artudianti, Inc. and driven by Defendant Dachi Gogoladze. *Id*. at ¶ 4. Mr. Gogoladze was traveling in a westerly direction when he came upon Mr. Singh's trailer, but without the ability to see the headlights or taillights, Mr. Gogoladze was not able to stop in time to avoid colliding with Mr. Singh's trailer. *Id*. at ¶ 5. Plaintiff was a passenger in Mr. Gogoladze's trailer at the time of the accident. ECF No. 12 at 3, ¶ 9. No other facts relating to the accident are presently before the Court.

Plaintiff alleges negligence causes of action against all four defendants. *Id*. at 4–5. Defendants Artudianti, Inc. and Dachi Gogoladze move for summary judgment on the grounds that Plaintiff's claims will fail at trial without expert

witnesses, which Plaintiff has failed to disclose. ECF No. 29. Plaintiff did not respond to the motion. As such, the Court considers all facts contained herein undisputed and admitted. *See* LCivR 56(e).

## DISCUSSION

### I. Legal Standard

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

1 favor of the non-moving party. *Id.* The Court views the facts, and all rational
2 inferences therefrom, in the light most favorable to the non-moving party. *Scott v.*
3 *Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted
4 "against a party who fails to make a showing sufficient to establish the existence of
5 an element essential to that party's case, and on which that party will bear the
6 burden of proof at trial." *Celotex*, 477 U.S. at 322.

7 Defendants Artudianti, Inc. and Gogoladze ("Defendants") move for
8 summary judgment on the grounds that Plaintiff cannot establish the elements of
9 duty, breach, causation, and damages absent expert testimony. ECF No. 29.
10 Plaintiff has not disclosed any expert witnesses, and the time for disclosures under
11 this Court's Scheduling Order has expired. ECF No. 27 at 3–4.

12 "In general, expert testimony is required when an essential element in the
13 case is best established by an opinion which is beyond the expertise of a
14 layperson." *Rinehold v. Renne*, 198 Wash. 2d 81, 92 (2021) (citation and internal
15 quotations marks omitted). In negligence claims, Washington courts have required
16 expert testimony in matters arising from medical and legal malpractice, as well as
17 products liability. *See, e.g.*, *Reyes v. Yakima Health District*, 191 Wash. 2d 79, 90
18 (2018); *Walker v. Bangs*, 92 Wash. 2d 854, 858 (1979); *Wagner v. Flightcraft,*
19 *Inc.*, 31 Wash. App. 558, 564 (1982). The cases cited by Defendants do not stand
20 for the proposition that expert testimony is required in all negligence claims, as

Defendants seem to purport. Rather, the moving parties in those cases were successful because the nonmoving party failed to rebut the evidence presented at summary judgment.

While Defendants may ultimately be correct that Plaintiff's evidence is insufficient to prove his claims at trial, the Court finds the present record inadequately developed to make such a determination at this time. Defendants present only five sentences of material fact, none of which are supported by evidence. ECF No. 30. Moreover, each statement appears to be derived solely from Plaintiff's Complaint. *See* ECF No. 12. Finally, Defendants' facts do not contain any details about the accident or the parties' conduct at the time of, and preceding, the event. Therefore, it is impossible to determine whether Plaintiff's claims will necessarily fail absent expert testimony. Such a determination will be more appropriate once the factual and evidentiary record is more fully developed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Motion for Summary Judgment (ECF No. 29) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED July 29, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 5